0730499 United States v. Drost. Each side will have 10 minutes. Good morning, your honors. May I please court, Van Arvanites, on behalf of Richard Drost, who appears not in person. Your honors, the main issue here is whether or not Mr. Drost, who was charged and was convicted of possession of child pornography and receded pornography, whether it is a multiplicitous act, whether he was sentenced for two, essentially received two separate sentences for the same act. If you're right, what would you have us do? We would ask the court, as the police brief requests as well, is to simply vacate the possession count, which is the lesser count. And does that affect sentencing or what happens? It would not affect sentencing, your honor. Mr. Drost received a 168-month sentence. This would be a paperwork entry, just cross out one. But he would have one, he just wouldn't have that conviction. Yes. That's all you're asking for? Yes, sir. Clean up the paperwork? Well, we're asking to... I'm not diminishing it, but I mean that's all you're asking for. Yes, yes. Okay. That's it. Your honors, if you all have any questions, I would be happy to answer them. I understand that the recent decision of United States v. Shales certainly, I think, creates in this evolution of case law that we have on this interesting issue, certainly a more specific question concerning when the indictments do not allege separate mediums. And as the court is aware, the facts in this case are very similar to Shales. These, child pornography was saved on diskettes. Nevertheless, in reading the indictments of both, they are very similar. They allege computer files, not diskettes. That is all. Thank you. Thank you, sir. Good morning. Good morning. My name is Mike Law. I'm an assistant U.S. attorney in the District of Montana. As counsel has stated, this case does come out of an interesting evolution, beginning with Kuczynski and then Davenport. And this case, in fact, Ross' case, and this panel will be hearing two child pornography cases on somewhat relating issues, the Threadgill case that comes up in a few minutes, does follow an evolutionary progression. I would first address what the panel has already pointed out, that the only thing at stake really here is the vacating of the possession count. There will be no impact to the sentencing. But I think it is an important plain error issue. And not a remand for resentencing? It would not have to be a remand for resentencing because the sentence would not change. Well, we don't know that. It's entirely concurrent. It could be remanded, but it is certainly not necessary for this court to do more than vacate. You heard what counsel has requested that we do, simply direct that the judgment be amended. Do you have any objection to that now? The only objection would be that we would think it would be incorrect because we don't believe plain error has been committed. But as far as a remedy, the United States would agree. And I think in our brief, we basically pointed out that that's all that really needs to happen here. If, in fact, this panel should come to that conclusion. I think with the Shales case, it did not come out. Counsel was good enough to let me read portions of the brief, so I'm not completely apprised of it. But I think it is somewhat distinguishable. That was a case that I understand went to trial. And so it was a jury issue question. So I think you could have a factual determination failure of evidence issue that may not be present here. I think, in general, the government's argument is that you're dealing with hundreds of images. There is no question that those hundreds of images, that we know they're child pornography, there's no dispute. There are hundreds of images that we know that he possessed. Wait a minute. What do you mean there's no dispute? If it went to trial, there could well be a dispute. No, our case, there was no trial. I understand that. But in terms of looking at what he was convicted of, it could be that he pled guilty because he knew that one of them was child pornography and so there was no point in contesting the rest of them. I think, basically, from the offer of proof and from his statements during the change of plea, it is indicative that he acknowledged that he had downloaded several hundred images, as well as movies, of child pornography. And he was not contesting that fact, both that he had downloaded them from the Internet and that he had saved them. So, therefore, the elements had been established, basically, for either receipt or possession. Is this the standard way to charge child pornography in the aggregate like this? I mean, at least one of the cases didn't do that. It said, this piece is child pornography, this piece is child pornography. And that's what I would have thought you'd do because this way, if it actually went to trial, it seems to me you end up with unanimity problems and everything else because it's so indistinct as to what's being charged. And that's why we're having the current problem, too. If you had charged one piece in one account and another piece in another account, we wouldn't have this problem. I think that that is an issue. And I think and notice the court was good enough to send out some homework assignments for us. One was that Gano case and one was Giberson or Giberson. In Gano, what I took from that was the way that case was indicted. It was four counts and there were three counts. And I'm intrigued by reading the Shales case because they seem to focus on the type of medium.  Was it a magazine? Was it a computer diskette? Precisely, what was it? And I guess I would disagree to think that the only way you could have multiple counts of possession, for instance, is you would have to have one magazine, one book, one film. You could have one this object and that object and that object. See, that would be different. And then you wouldn't be having these problems. Or as in Gano where they specifically indicted and they gave the file names. They said this is what was downloaded. This case is basically Giberson, isn't it? I mean, the argument you're making, well, that there were hundreds and some were this and some were that. That was the argument they made there. And then they said, but, sorry, plain error, double jeopardy. That, it seems, this is about as close as you could get to Giberson. I think. Lead to the resolution that we talked about at the outset, which is just vacating the one. I think the only difference that I would acknowledge is that I think our argument is a little bit different. And I think the difference in the argument that we're making as opposed to in Giberson is that our evidence may not be much different. But I think our argument is slightly different. And it is this, is what we are really asking is for there to be plain error. The district court judge really had to think that there has not been enough admissions or evidence put forward in the offer of proof to allow me to find that both these two distinct offenses have been committed. Well, I mean, what is exactly the judge supposed to do? I agree that this is not charged the way, you know, we'd like to see it charged in an ideal world. But, okay, the charging document is filed. The indictment is filed. There's no objection to the indictment. There's no request for bill particulars. There's just a plea. I mean, what exactly should the judge do with these circumstances? I think part of it is, again, this whole evolution. I think one of the things that can be done is cases may be indicted differently. I think the court could say can we specify what the evidence here is. There are 600 images. Will the defendant acknowledge that 1 through 300 are receipt and 301 through 600 that you possess those so that we can distinguish? I think that's really all. It's not a failure of proof. It's a failure of the government to distinguish or distinguish for the court which one is for which case. All you're really trying to do is make sure that you don't have these two charges on exactly the same evidence. Exactly. What it boils down to, you can't have the overlying Venn diagram. You've got to spread it out, and it seems pretty. Exactly. I mean, going forward, I'm sure both the defense will look at these issues differently and the government will look at them differently. But I think one of the things in Gano and even Shales that I think actually helps us is it shows that the defendant's only argument here is that it is simply a lack of the designating of which file goes to which. In other words, if it had been charged precisely as you're talking about, as they had in Gano, or had in this case we simply designated that one of these 600 files that he downloaded, this will suffice for this charge, and one of these others had, the defendant would have no leg to stand on. It's not a failure of clarification. Beyond that in this case, right? Right. So it kind of boils down to, given where the cases have come now through Scales. Is that the way to pronounce that? I've been calling it Shales, but I'm not sure. But that basically the remedy here would be to vacate the conviction, correct, just on the one count? The government would agree that's really the only thing required. What was the remedy in the other cases like Shales and Giberson? Was that the remedy or was there a remand for recents? I'm having a hard time seeing. If he doesn't want a remand for recents, he's fine. I may be thinking all the way back to Kuczynski. They said we don't really have to deal with this. We'll let the district court do it. There are other issues to be remanded. In Davenport, I guess I'm not sure, and I'm not sure what they just did in Scales yesterday. They remanded for a vacation of one or the other. I think our brief specifies that that's all that really would be required. Thanks very much, Mr. Lauer. Is there anything else, sir? I do have a question. Is it clear that you're not asking for a remand for recents? It is clear. Any other questions? Thank you so much. Thank you, gentlemen. The case argued is submitted. Good morning.
judges: Silverman, McKeown, Berzon